UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L. RAMBO, JR.,

    Plaintiff,

v.

CAUSE NO. 3:18CV739-PPS/MGG

IDOC, et al.,

    Defendants.

## OPINION AND ORDER

Michael L. Rambo, Jr., a *pro se* prisoner, filed a complaint alleging that a correctional officer at Westville Correctional Facility used excessive force against him on July 14, 2018. ECF 1. I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Rambo alleges that on July 14, 2018, he became upset and began banging on his cell door when Officer Parker initially refused to allow him to take a shower. Officer Parker opened the cuff port on the cell door and ordered Rambo to place his hands outside the cuff port. He then placed Rambo in handcuffs. The cuffs were tight and left "red indents" on Rambo's wrists. Officer Parker opened the cell door, stood next to Rambo and threatened to rape him if he did not stop misbehaving.[1] Officer Parker then walked Rambo down to the shower area. Officer Parker watched Rambo take a shower and verbally threatened him for nearly two minutes. After the shower, Rambo refused to cuff up so Officer Parker called for additional officers. When they arrived, Rambo allowed those officers to place handcuffs on him.

Rambo alleges that Officer Parker "used unnecessary force (police brutality)." ECF 1 at 3. According to the allegations in the complaint, the only time Officer Parker touched Rambo was when he placed handcuffs on him while in his cell. Thus, I can only conclude that Rambo is suing Officer Parker for excessive force when he placed the handcuffs on Rambo tightly. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th

---

[1] The alleged verbal harassment, though unsavory and deplorable, does not trigger any constitutional protections. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prison equal protection of the laws.").

2

Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

I cannot adequately weigh these factors here due to the gaps in Rambo's account. Rambo simply states that Officer Parker placed the handcuffs on him tightly. There are no allegations that Officer Parker intentionally made the handcuffs too tight for any malicious or sadistic purpose. Nor does Rambo claim that he ever communicated to Officer Parker that the handcuffs were too tight or that they were causing him any pain. In fact, there are not even any allegations that Officer Parker knew the handcuffs were too tight. It appears that Rambo sues this officer because Rambo claims he was injured by the officer's actions. However, merely being injured by an officer does not state a claim for excessive force. *Hendrickson*, 589 F.3d at 473.

Rambo does not address whether there was a need for the use of force and for the degree of force the officer used. Nor does he explain whether he ever communicated his complaint to Officer Parker. Without more information about the circumstances surrounding his interactions with Officer Parker, I cannot determine whether he states a plausible excessive force claim. *See e.g., Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006) (concluding that tight handcuffs did not constitute excessive force where the plaintiff complained of pain only once to the officer and did not communicate the degree of pain).

Rambo names two other defendants, but he does not state a claim against either of them. Rambo sues Warden Sevier and the Indiana Department of Corrections. The

warden is not mentioned anywhere in the body of the complaint. Thus, Rambo does not allege that the warden violated his rights, only that he supervised employees who did. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, this complaint does not state a plausible claim against the warden.

The IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action for which Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). These exceptions do not apply here, so I cannot permit Rambo to pursue a claim against the IDOC.

As for Officer Parker, the complaint does not contain sufficient facts to state a claim. Nevertheless, Rambo may file an amended complaint if he believes that by addressing the issues raised in this order, he would state an excessive force claim against Officer Parker. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library.

ACCORDINGLY:

Plaintiff Michael L. Rambo, Jr. is GRANTED until **November 19, 2018**, to file an amended complaint. Rambo is CAUTIONED that if he does not respond by the deadline, this case will be DISMISSED without further notice because the current complaint does not state a claim.

SO ORDERED on October 25, 2018.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT